Mark **KEARNS**

v.

**STATE TAX ASSESSOR.**

Supreme Judicial Court of Maine.

Argued May 16, 1995 *.
Decided May 30, 1995.

Mark A. Kearns, Wells, pro se.

Dennis M. Doiron (orally), Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

* Only the appellee argued orally because the appellant waived oral argument.

ROBERTS, Justice.

Mark Kearns, an officer and director of Atlantic Hospitality, Inc., appeals from a judgment entered in the Superior Court (York County, *Perkins, A.R.J.*) on Kearns's complaint for judicial review of an assessment against him personally for Atlantic's unpaid taxes for the period May through December 1989. Kearns contends that the court (1) misapplied 36 M.R.S.A. § 177(1) (1990) when it permitted the Assessor to assess him for penalties and interest related to Atlantic's unpaid taxes; and (2) erred by concluding that he was not the proper party to raise the issue of offsetting against his assessment an alleged prior overpayment of taxes by Atlantic. We affirm the judgment.

■ Contrary to Kearns's contentions, the version of section 177(1) in effect in 1989 permitted the assessment against him of not only the unpaid taxes of Atlantic, but also the penalties and interest related to those taxes. The applicable section provided in pertinent part:

All sales and use taxes collected by any person pursuant to Part 3 . . . shall constitute a special fund in trust for the State Tax Assessor. The liability for the taxes shall be enforceable by assessment and collection . . . against the person and against any officer, director, member, agent or employee of that person who, in that capacity, is responsible for the control or management of the funds or finances of that person or is responsible for the payment of that person's taxes.

For purposes of this statute, "tax" was defined as "the total amount required to be paid, withheld and paid over, or collected and paid over with respect to estimated or actual tax liability under this Title, *including any interest or civil penalty relating thereto.*" 36 M.R.S.A. § 111(5) (1990) (emphasis added). Section 177 was later amended to add solid waste disposal fees pursuant to 36 M.R.S.A. §§ 4831–4834 (1990 & Supp.1994), as payments for which liability could be imposed on individuals responsible for making those payments. P.L.1991, ch. 546, § 1 (effective July 10, 1991). The amended statute accordingly permitted enforcement by assessment and collection of "the taxes or fees and any interest or penalty on taxes or fees." *Id.* Because this amendment for the first time made section 177 applicable to certain *fees* (which were not defined to include related interest and penalties), as opposed to only certain *taxes*, the addition of a specific reference to the assessment of interest and penalties was necessary to permit assessment and collection of interest and penalties on *fees*. The addition of this specific language was not an indication that the prior statute did not permit assessment of penalties and interest on taxes. The court correctly concluded that the Assessor could assess against Kearns the interest and penalties on Atlantic's taxes.

■ Also without merit is Kearns's second argument that the court erred by not considering whether Atlantic's payment of a penalty relating to taxes for the period prior to May 1989 constituted an overpayment. A request for a refund of an overpayment of taxes is governed by 36 M.R.S.A. § 2011 (1990). That statute requires the taxpayer to file a written petition with the Assessor within three years of the date of the overpayment stating the grounds on which the refund is claimed. Only after filing such a petition may the taxpayer request reconsideration and seek judicial review. *Id.* Atlantic, not Kearns, was the entity that made the alleged overpayment in June 1989, and Atlantic did not file a written petition for a refund. Kearns's imputed liability on subsequent tax debts of Atlantic does not give him standing to raise the issue of an alleged overpayment by Atlantic that Atlantic failed to contest in a proper and timely manner. The court therefore properly refrained from addressing that issue.

The entry is:

Judgment affirmed.

All concurring.